IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESTERN HOLDINGS, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>DAVID P. SUMMERS,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES.<br><br><br>Case No. 2:13-CV-144 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Costs and Attorney's Fees. As explained more fully below, the Court will deny Defendant's Motion.

Plaintiff filed a Complaint alleging infringement of patent rights in this Court on February 22, 2013. After Defendant filed his Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), Plaintiff voluntarily dismissed its complaint pursuant to Rule 41(a)(1)(i) on May 13, 2013. On July 7, 2014, Defendant filed this motion claiming he is entitled to attorney's fees pursuant to 35 U.S.C. § 285 and Rule 54(d)(1)-(2).

As a preliminary matter, it is unclear to the Court if this motion is timely. Rule 54(d)(2)(B)(i) requires a motion of attorney's fees to be filed within 14 days after the entry of judgment. This Motion was filed almost 14 months after Plaintiff voluntarily dismissed its Complaint under Rule 41(a)(1)(i).

Assuming, however, Defendant's motion is timely, the Court will deny the Motion. The Patent Act, specifically 35 U.S.C. § 285, grants the Court discretion to award reasonable attorney's fees in patent infringement cases that the Court deems to be "exceptional cases." In

1

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,[1] the Supreme Court squarely addressed the issue of what constitutes an exceptional case under 35 U.S.C. § 285. The Court found that the Federal Circuit's formulation of an exceptional case as defined in *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*[2] was overly rigid and inconsistent with the statutory text of § 285.[3] The Court abrogated *Brooks* and held that "an 'exceptional' case is simply one that stands out from the others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."[4] Further, the Court instructed district courts to "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."[5]

In this case, there is nothing that would lead the Court to conclude that this case is exceptional. Plaintiff filed its Complaint, Defendant filed a motion to dismiss based on Rules 12(b)(2), 12(b)(3), and 12(b)(6), and Plaintiff voluntarily dismissed its claim. There is very little in the record and nothing in the record indicates that this case "stands out from the others." Therefore, the Court cannot find that this is an exceptional case and will deny Defendant's Motion.

---

[1] 134 S.Ct. 1749 (2014).

[2] 393 F.3d 1378 (2005).

[3] *Octane,* 134 S.Ct. at 1755.

[4] *Id.* at 1756.

[5] *Id.*

It is therefore

ORDERED that Defendant David P. Summers's Motion for Costs and Attorney's Fees (Docket No. 14) is DENIED.

DATED this 30th day of September, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge